UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-108 |
| | ) | (PHILLIPS/SHIRLEY) |
| DONALD FLACK, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Withdraw [Doc. 22] filed by defense counsel on October 31, 2008, and referred [Doc. 23] to the undersigned on November 11, 2008. See 28 U.S.C. § 636(b). In the motion, defense counsel asks to be allowed to withdraw because of a breakdown in communication between himself and the defendant, which has resulted in irreparable damage to the attorney-client relationship. The parties appeared before the Court for a hearing on the motion on November 18, 2008. Assistant United States Attorney F.M. Hamilton, III, represented the government. Attorney G. Scott Green was present along with the defendant.

At the hearing, Attorney Green stated that he and the defendant had experienced a breakdown in communication to the extent that it was affecting the attorney-client relationship. He believed that the defendant had lost confidence in him and said that it would be extremely difficult to repair the relationship even given more time. The defendant agreed that he and his attorney had a breakdown in communication. He stated that his trust in Mr. Green was at issue and that the matter would only grow worse with time. He agreed that he had questioned defense counsel's

1

motives. The government took no position on the motion.

A defendant seeking to substitute counsel "must show good cause such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict with his attorney in order to warrant substitution." Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985). Based upon the motion and the statements at the hearing, the Court concludes that good cause exists to allow Mr. Green to withdraw and to appoint new counsel for the defendant. The Court finds that the communication between the defendant and Mr. Green has completely broken down and that the trust necessary for an adequate defense no longer exists in the attorney-client relationship. Accordingly, Mr. Green's Motion to Withdraw [**Doc. 22**] is **GRANTED**.

Attorney Michael P. McGovern was present in the courtroom and agreed to accept representation of the defendant. The Court substitutes and appoints Mr. McGovern under the Civil Justice Act (CJA) as counsel of record for the defendant. Mr. McGovern moved to continue the December 16, 2008 trial date in order to have time to investigate the case and prepare for trial. The defendant and the government had no objection to the requested continuance. The parties agreed on a new trial date of March 3, 2009, and also agreed that all time between the November 18 hearing and the new trial date was fully excludable under the Speedy Trial Act. Mr. McGovern also requested a new motion deadline. The Court declined to reopen the motion deadline but instructed defense counsel that if he determined a motion was necessary, he could move the Court for leave to file it.

The Court finds that defense counsel's oral motion to continue the trial is well taken and that the ends of justice served by granting a continuance outweigh the interest of the defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). At the time of the hearing, the trial of

2

this case was set for December 16, 2008. To require Attorney McGovern, who is newly appointed, to proceed to trial in less than a month would be a miscarriage of justice. See 18 U.S.C. § 3161(h)(8)(B)(i). Attorney McGovern needs time to meet with the defendant, to investigate the case, and to prepare for trial. The Court finds that could not take place before the December 16, 2008 trial date or in less than three and one-half months. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite his use of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv).

Accordingly, a continuance of the trial is **GRANTED**, and the trial of this matter is reset to **March 3, 2009**. The Court also finds that all the time between the November 18, 2008 hearing and the new trial date of March 3, 2009, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(8)(A)-(B). With regard to other scheduling in the case, if the parties find they are in need of additional hearings, they may contact the Court to schedule them.

Accordingly, it is ordered:

(1) Defense Counsel Green's Motion to Withdraw [**Doc. 22**] is **GRANTED**;

(2) Attorney Michael P. McGovern is substituted as the defendant's attorney of record under the CJA;

(3) The defendant's oral motion to continue the December 16, 2008 trial date is **GRANTED**;

(4)  The trial of this matter is reset to commence on **March 3, 2009**, **at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge; and

(5)  All time between the **November 18, 2008** hearing, and the new trial date of **March 3, 2009**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

4