IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:08-CR-108 |
| ) | (PHILLIPS / SHIRLEY) |
| DONALD G. FLACK, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter came before the Court on June 3, 2009, for a scheduled motion hearing. Assistant United States Attorney Tracy Stone was present for the Government. Attorney Michael McGovern was present for the Defendant, who was also present.

The parties appeared before the Court to address a number of pretrial motions including: Motion to Suppress Physical Evidence [Doc. 33], Motion to Suppress Statements [Doc. 35], Motion for Hearing to Determine Admissibility of Co-Conspirators' Statements [Doc. 36], Motion for Disclosure of Grand Jury Transcripts [Doc. 38], and Motion for Disclosure of Impeaching Information [Doc. 39]. The Court heard arguments and evidence regarding the two motions to suppress. However, the parties agreed to rely upon the content of their pleadings as to the other motions and did not present arguments or evidence on these motions at the hearing.

The Court has entered a Report and Recommendation addressing the motions to suppress contemporaneously with this order. Herein, the Court will address the Defendant's remaining

motions in turn.

A.  **Motion for Hearing to Determine Admissibility of Co-Conspirators' Statements [Doc. 36]**

The Defendant has been charged in a one-count indictment [Doc. 3] with knowingly, intentionally, and without authority, combining, conspiring, confederating, and agreeing with others, to commit violations of 21 U.S.C. § 841(a)(1), that is, to distribute, and possess with intent to distribute, five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine hydrochloride, and fifty (50) grams or more of a mixture and substance containing a detectable amount of cocaine base, from 2006 through and until September 25, 2007.

In his Motion for Hearing to Determine Admissibility of Co-Conspirators' Statements [Doc. 36], the Defendant argues that before the Government can introduce any co-conspirators' statements, it must show by a preponderance of the evidence that a conspiracy existed, that the Defendant, and that the hearsay statement was made in the course and in the furtherance of the conspiracy. See United States v. Vinson, 606 F.2d 144, 152 (6th Cir. 1979). On this basis, the Defendant moves the Court to order a pre-trial hearing to determine the admissibility of any alleged co-conspirator statements in this case. The Defendant has submitted a memorandum [Doc. 37] in support of his motion. The Government has responded in opposition, alleging that such a hearing is unnecessary. [Doc. 40].

Federal Rules of Evidence, Rule 801(d)(2)(E) provides "a statement is not hearsay if ... [t]he statement is offered against a party and is . . . a statement by a coconspirator of a party during the course and in furtherance of the conspiracy." To be admissible under Rule 801(d)(2), the party offering a co-coconspirator statement must show by a preponderance of the evidence that: (1) the conspiracy existed, (2) the defendant was a member of the conspiracy, and (3) the co-conspirator's

statements were made in furtherance of the conspiracy. Whether the offering party has made the showing is a question of fact for the trial court to decide. Fed. R. Evid. 104(a); United States v. Maliszewski, 161 F.3d 992, 1007 (6th Cir. 1998).

The Sixth Circuit has outlined three alternative methods by which the district court can make a determination as to the admissibility of hearsay statements under the coconspirator exception to the hearsay rule. The court can: (1) conduct a pretrial mini-hearing outside the presence of the jury and listen to the proof of the conspiracy, (2) require the government to produce non-hearsay evidence during the course of trial before making the necessary finding, and (3) admit the hearsay statements subject to a later demonstration of their admissibility. Vinson, 606 F.2d at 152-53.

The third of these options is the more practical approach, and the one customarily adopted by this district. See United States v. Martin, 2008 WL 152900, at *3 (E.D. Tenn, Phillips, J., January 14, 2008). Further, this motion relates directly to trial procedures and the admissibility of evidence at trial and will be addressed by the trial judge, District Court Judge Thomas W. Phillips. Accordingly, the Motion **[Doc. 36]** is **DENIED.** District Judge Phillips will decide whether an option other than the third option is appropriate before or during the trial.

**B.** **Motion for Disclosure of Grand Jury Transcripts [Doc. 38]**

The Defendant next moves the Court order that the Government turn over transcripts of the testimony of each and every witness that testified before the Grand Jury in this case. [Doc. 38]. The Defendant maintains that the Government will rely heavily on statements by co-conspirators in this case. The Defendant argues that he needs the testimony presented to the Grand Jury so that he will know the identity of such witnesses, the number of witnesses, and the nature of their testimony. The Government responds that the Defendant has failed to establish a compelling necessity and particularized need for the transcripts that is sufficient to overcome the need for secrecy in Grand

Jury proceedings. [Doc. 41].

The United States Supreme Court has established strict guidelines as to when a litigant my obtain the transcripts of a Grand Jury proceeding:

> Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed. Such a showing must be made even when the grand jury whose transcripts are sought has concluded its operations.

Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 222 (1979).

In this case, the Defendant has made only generalized allegations about why the release of the Grand Jury transcript would be advantageous to his preparation. The Defendant has not demonstrated that the transcripts are needed to avoid injustice or that the need for the materials outweighs the need for secrecy in Grand Jury proceedings. Thus the Defendant has not met the burden required to pierce the secrecy that cloaks Grand Jury proceedings. Accordingly, the Court finds that the Defendant's motion **[Doc. 38]** is not well-taken, and it is hereby **DENIED**.

C.    **Motion for Disclosure of Impeaching Information [Doc. 39]**

Finally, in his Motion for Disclosure of Impeaching Information [Doc. 39] the Defendant moves the Court to order that the Government disclose all impeaching information "within its possession, custody or control, or the existence of which is known, or, by the exercise or reasonable diligence, could become known to the Government." Specifically, the Defendant seeks disclosure of: any prior conviction records and bad acts information on any witnesses expected at trial, any consideration paid to any witnesses, any prosecutions or investigations which are ongoing as to any witness, any other testimony any witness has given testimony, information regarding witness interviews in this case, the personnel or other government files regarding the witnesses, and any

other information, which might impeach the Government's witnesses. The Government responds that it will abide by the requirements of Brady v. Maryland, 373 U.S. 83, (1963) and its progeny; however, it objects to providing the material requested by the Defendant prior to trial. [Doc. 42].

The Supreme Court has held that the government violates due process when it withholds from a defendant favorable evidence that is "material either to guilt or punishment." Brady v. Maryland, 373 U.S. 83, 87 (1963). The Court's Order on Discovery and Scheduling addresses the Government's obligation in this regard:

> The government shall reveal to the defendant and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97 (1976) (exculpatory evidence), and United States v. Bagley, 473 U.S. 667 (1985) (impeachment evidence). Timing of such disclosure is governed by United States v. Presser, 844 F.2d 1275 (6th Cir.1988).

[Doc. 11 at ¶ E]. The Government submits that it is aware of its obligations under Brady. The Defendant has not directed the Court to any evidence indicating the Government either does not understand or has somehow failed to comply with the above. Nor has the Defendant directed the Court to any circumstances that would compel the Court to deviate from its standard instruction. Thus, the Court finds that the Order on Discovery and Scheduling [Doc. 11] sufficiently addresses the Defendant's concerns. Accordingly, the Court finds that the Defendant's motion **[Doc. 39]** is not well-taken, and it is hereby **DENIED**.

D.  **Conclusion**

In sum, the Court finds that the Defendant's Motion for Hearing to Determine Admissibility of Co-Conspirators' Statements **[Doc. 36]**, Motion for Disclosure of Grand Jury Transcripts **[Doc. 38]**, and Motion for Disclosure of Impeaching Information **[Doc. 39]** are not well-taken, and they are **DENIED**.

**IT IS SO ORDERED**.

ENTER:

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge